J-A30044-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN KURT BANTUM, | : | |
| | : | |
| Appellant | : | No. 1476 WDA 2017 |

Appeal from the Judgment of Sentence August 31, 2017
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002204-2016

BEFORE:    SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    FILED APRIL 16, 2020

Brian Kurt Bantum (Appellant) appeals from the August 31, 2017 judgment of sentence imposed after a jury convicted him of person not to possess a firearm, theft by unlawful taking, receiving stolen property, and disorderly conduct. Counsel for Appellant filed a petition to withdraw and brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). On January 8, 2020, we denied counsel's petition to withdraw. Specifically, we found that counsel's letter to Appellant erroneously conditioned Appellant's right to proceed pro se or with privately-retained counsel upon this Court's granting of counsel's petition to withdraw. We also noted that "while counsel only raised a potential sufficiency-of-the-evidence claim in his Anders brief, he erroneously conflated sufficiency of the evidence with weight of the evidence

_____
*Retired Senior Judge assigned to the Superior Court.

in his letter to Appellant." Commonwealth v. Bantum, ___ A.3d ___, 2020 WL 91860 (Pa. Super. 2020) (unpublished memorandum at 3 n.2). Thus, we denied counsel's petition to withdraw and ordered counsel to file either an advocate's brief or Anders brief within ten days of the filing of the memorandum.

> We direct Attorney Zang, within ten days of the filing of this memorandum, to file either an advocate's brief or a compliant Anders brief, petition to withdraw, and accompanying letter, which fully advises Appellant of Appellant's present and immediate right to proceed in this appeal either pro se or with privately-retained counsel, and to file a brief with this Court raising any issues Appellant deems worthy of review.

Id. (unpublished memorandum at 3).

More than ten days have passed, and counsel has failed to file an advocate's brief or compliant Anders brief.[1] We again direct counsel to file either an advocate's brief or a compliant Anders brief within twenty days of the filing of this memorandum.

Panel jurisdiction retained.

---

[1] We note with extreme displeasure the excessive delay in this case. It has been over two years since Appellant filed a notice of appeal. However, due to the errors of prior and current counsel, this Court has not been afforded the opportunity to review this appeal on its merits. Such a delay is unacceptable. We direct current counsel to review carefully the instructions and case law set forth supra and in our prior memoranda, and comply with those requirements so as to allow this Court to dispose of this case promptly upon the receipt of new filings from counsel. Failure to comply will result in this matter being referred to the Disciplinary Board of the Supreme Court of Pennsylvania.